**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NANCY GILLETTE,

    Plaintiff,

v.                                                         Case No.   3:16-cv-1274-J-34JBT

CVS PHARMACY, INC.,

    Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On October 11, 2016, Defendant CVS Pharmacy, Inc. (CVS) filed its Notice of Removal (Doc. 1; Notice) removing this case from the Circuit Court, Fourth Judicial Circuit in and for Duval County, Florida. See Notice at 1. In the Notice, CVS first asserts that

this Court has jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 because "Plaintiff is domiciled . . . in Georgia" and CVS is a Rhode Island corporation with its principal place of business in Rhode Island.  Id. at 4-5.  Nevertheless, CVS also asserts that the corporate entity, CVS, is not the proper named defendant.  Id. ¶ 8.  Instead, CVS suggests that Holiday CVS, L.L.C. (Holiday CVS), a Florida limited liability company, should have been named as defendant instead because Holiday CVS actually operates the premises at issue.  Id.  Notably, CVS confirms that Holiday CVS is a single member limited liability company in which the sole member is CVS, whose principal place of business and state of incorporation are both Rhode Island.[1]   Id. ¶¶ 4-5, 9-10.  Additionally, CVS asserts that "Plaintiff's complaint seeks damages far in excess of $75,000.00 for physical injuries, pain and suffering, disability and loss of earnings and/or earning capacity."  Id. ¶ 6.  However, CVS has failed to allege any facts to establish that the amount in controversy exceeds $75,000.

The Court may not speculate or guess as to the amount in controversy.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  Nevertheless, "when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,]" reliance on such reasoning to establish jurisdiction "is not akin to [impermissible] conjecture, speculation, or star gazing."  Id. at 754.  Indeed, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  Id.  All that is required is that a removing defendant show, by a preponderance

---

[1] The Court is therefore satisfied that CVS has sufficiently alleged diversity of citizenship.

- 2 -

of the evidence, that the amount in controversy exceeds the jurisdictional requirement. See id. at 752 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

Upon review of the Notice and Complaint, the Court is unable to determine whether it has jurisdiction over this action. For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants[,]" and the amount in controversy must exceed $75,000. See Univ. of S. Ala., 168 F.3d at 412. Based on the Court's review of the Complaint, it is not facially apparent that the amount in controversy exceeds the $75,000 jurisdictional amount.[2] See 28 U.S.C. § 1332(a)(1). Therefore, the conclusory assertion in CVS's Notice is insufficient to confer the Court's subject matter jurisdiction over this action. See Williams, 269 F.3d at 1319-20 (recognizing that when removing a case to federal court, if the plaintiff does not allege a specific amount of damages, and it is not apparent from the face of the complaint that the amount in controversy exceeds the jurisdictional amount, a "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden" of establishing diversity jurisdiction); see also Pretka, 608 F.3d at 752. Accordingly, the Court will give CVS[3] an opportunity to establish the amount in controversy and that this Court has jurisdiction over the instant action. In light of the foregoing, it is hereby

**ORDERED:**

---

[2] Indeed, Plaintiff Nancy Gillette (Gillette) does not allege an amount in controversy at all. See generally Complaint. Although Gillette appears to be seeking a variety of compensatory damages, id. ¶ 10, the Complaint does not contain any factual allegations from which the Court could make a reasonable inference as to the amount of those damages.

[3] When a case is removed from state to federal court, the removing party has the burden of establishing that federal jurisdiction exists. See Williams, 269 F.3d at 1319.

Defendant CVS shall have until **October 28, 2016**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on October 14, 2016.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record