**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NANCY GILLETTE,

    Plaintiff,

v.                                         Case No. 3:16-cv-1274-J-34JBT

CVS PHARMACY, INC.,

    Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. By Order (Doc. No. 5; Order) dated October 14, 2016, the Court directed Defendant CVS Pharmacy, Inc. (CVS) to provide the Court with sufficient information so that it could determine whether it has jurisdiction over this action. Specifically, the Court requested information to establish that the amount in controversy was sufficient to confer diversity jurisdiction under 28 U.S.C. § 1332(a). See 28 U.S.C. § 1332(a)(1) (stating that "the amount in controversy must exceed $75,000."). In response to the Order, on October 26, 2016, CVS filed a Notice including its Affidavit in Support of Notice of Removal. See Affidavit in Support of Notice of Removal (Doc. No. 7-1; Removal Affidavit). In the Removal Affidavit, CVS asserts that Plaintiff Nancy Gillette (Gillette) submitted a pre-suit demand letter requesting an amount "in excess of $75,000.00 . . ." Removal Affidavit ¶ 4. However, the demand letter was neither attached as an exhibit to the Removal Affidavit, nor was it otherwise submitted to the Court, and CVS provided no other support for a conclusion that the amount in controversy in this action exceeds $75,000.

As previously noted in the Order, the Court may not speculate or guess as to the amount in controversy.  See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010).  Instead, a removing defendant must show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement.  See id. at 752 (quoting Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).  Upon review of the Removal Affidavit, the Court remains unable to determine whether it has jurisdiction over this action.  Although this evidence does make reference to a demand in excess of the requisite $75,000 amount, it fails to demonstrate by a preponderance of the evidence that the amount in controversy requirement is satisfied.

> What [a settlement offer] counts for [ ] depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

Mark v. Wood Haulers, Inc., No. CA 09-0706-CG-C, 2009 WL 5218030, at *9 (S.D. Ala. Dec. 31, 2009) (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (alterations in Mark); see Burns v. Ford Motor Co., No. 2:08-cv-352-FtM-29SPC, 2008 WL 4791111, at *2 (M.D. Fla. Oct. 31, 2008) (noting that a pre-suit demand letter could reflect posturing for settlement instead of an honest assessment of damages); see also McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008) (stating that a proposed settlement amount is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim) (citing Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002)).

Here, CVS failed to include a copy of Gillette's demand letter in conjunction with its

filing of the Removal Affidavit.  See generally Removal Affidavit.  As such, this Court lacks any evidence from which the Court could make an informed assessment of whether the $75,000 demand represents a "reasonable assessment" of the amount in controversy.  Instead, it is left only with the allegations of the Removal Affidavit itself.  As a result, any attempt to engage in a 'preponderance of the evidence' assessment at this juncture would necessarily amount to guesswork, and such speculation is highly disfavored.  See, e.g., Pretka, 608 F.3d at 752.  The Court will give CVS one final opportunity to present sufficient information to allow the Court to determine whether the amount in controversy requirement is met in this case.  In light of the foregoing, it is hereby

**ORDERED:**

Defendant CVS shall have until **November 30, 2016**, to provide the Court with sufficient information so that it is able to determine whether it has jurisdiction over this action.

**DONE AND ORDERED** at Jacksonville, Florida on November 3, 2016.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc24

Copies to:

Counsel of Record

3